Booth, Judge,
delivered the opinion of the court:
This is a tax case and involves a claim for two alleged overassessments upon plaintiff’s income and excess-profits return for the year 1919. The additional tax exacted was paid under protest, a refund asked and refused, hence no jurisdictional question appears.
The plaintiff is a Pennsylvania corporation, engaged in the hotel business, this suit concerning alone its ownership and operation of the William Penn Hotel in Pittsburgh, Pa. The first item of the suit seeks a judgment for $10,262.25, with interest, and right of recovery is rested upon section 214 (a) (1) of the revenue act of 1918, 40 Stat. 1066, which provides in terms as follows:
“* * * That in computing net income there shall be allowed as deductions:
“(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * ”
*482 The second item for the recovery of judgment for the sum of $9,991.06, with interest, is predicated upon (8) of section 214 (a) of the revenue act of 1918, 40 Stat. 1067, which provides as follows:
“SectioN 214 (a). That in computing net income there shall be allowed as deductions:

*

“(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.”
The first item is the result of a situation growing out of a difference between contract rates to supply the plaintiff with heat and light and an increase over and above the contract rates subsequently allowed the corporations furnishing plaintiff with heat and light by the Public Service Commission of Pennsylvania. Plaintiff company in 1914, by express contracts with the Allegheny County Steam Heating Company and the Duquesne Light- Company, obtained from said companies a fixed price for supplying heat and light to it for a period of years. On September 8, 1917, the heating company filed with the public service commission of the State a new tariff, effective October 8, 1917. On May 1, 1918, the light company pursued the same course, its new tariff to become effective May 81, 1918. The new tariffs of both companies increased the rates to be charged the plaintiff over the contract rates stipulated in the contracts of 1914. The heating and light companies billed the plaintiff at the new rates, approved by the commission, and the plaintiff paid the contract rates, the difference amounting for the period involved to $36,650.92. The reason for plaintiff’s withholding payment of the difference between the public-service rate and the contract rate is found in the fact that one H. C. Frick, during the year 1919, had with the same heating and light companies a contract for service similar in terms to plaintiff’s contract with the same companies, and Frick, in August, 1919, lodged a complaint with the public service commission to test the right of the companies to charge and collect a rate in excess of the rates *483 stipulated in his contract. The controversy finally reached the courts, resulting in a decision adverse to Frick’s contention, whereupon on February 11, 1925, the plaintiff paid to the heating and light companies the balance due under their bills, the record in the present case dis'closing that the plaintiff did, on December 31, 1919, set up on its books of account the amounts due the heating and light companies for the year at the public-service rate. The Commissioner of Internal Revenue, in reviewing plaintiff’s return for the year 1919, disallowed this item as a legal deduction from plaintiff’s income, and charged back to plaintiff’s total income return the full amount thereof, resulting in the assessment, levy, and collection of an additional tax thereon of $10,262.25. The commissioner justifies his ruling upon the grounds that while the plaintiff did, as of right, keep its books of account upon the accrual basis, it did not monthly, as bills for light and heat were rendered, accrue the same as a liability at the public-service rate, but only at the contract rate, waiting until the last day of the year 1919 to charge in a lump sum as a liability the full amount of the difference between what was actually paid at the contract rate and what was1 not paid at the public-service rate. Obviously the plaintiff did not pay the heating and light companies the public-service rate, awaiting the final determination of the legality of the rate in the Frick case. And it is correspondingly clear that the companies did not insist upon or enforce payments; but this fact is not sufficient in view of the regulation^ of the commissioner to warrant his refusal of a deduction carried by the plaintiff upon its books as a liability.
Article 111 of Regulation 45, among other things, provides :
_ “A person making returns on an accrual basis has the right to deduct all authorized allowances, whether paid in cash or set up as a liability, and it follows that if he does not within any year pay or accrue certain of his expenses, interest, taxes, or other charges, and makes no deduction therefor, he can not deduct from the income of the next or any subsequent year any amounts then paid in liquidation of the previous year’s liabilities.”
*484 The plaintiff was not a party to the Frick litigation. It was clearly susceptible to legal proceedings to collect the full amount of the bills rendered by the companies, and assuredly it is not to be denied a legal deduction when compliance with the regulations is not denied. The charge was made upon its books of account. The sum was entered, it is true, in a lump sum, but it appears as a liability. The amount is not disputed and no bad faith imputed. The commissioner allowed precisely similar items of deduction for the years 1920 and 1921, and it is difficult to perceive upon what basis an exception was made as to the year 1919. Judgment for the amount claimed will be awarded.
The second item is one of fact. The statute allows the deduction and the computation only is involved. In ascertaining a reasonable allowance for exhaustion, wear and tear of property, including obsolescence, the commissioner has promulgated a regulation to which the plaintiff takes no exception. Plaintiff insists that under the regulation it is entitled to 3y2 per cent of the building’s cost, and the commissioner allowed but 2 per cent. We will not discuss the facts. The plaintiff presents witnesses to establish its contention and the defendant offers contradictory testimony. Under the revenue law the commissioner’s duty to first compute the allowance is manifest. Nothing in the testimony of the plaintiff, expert in character, is of such certainty as to warrant us in concluding that an injustice has been done in this particular instance. The defendant meets the issue squarely, and we are not convinced from the record that the commissioner should have allowed more than was allowed. In addition to this, the plaintiff in previous years was content with the 2 per cent deduction allowed by the commissioner, and made no protest. The same objections now interposed were available then. This item of the petition will be dismissed.
Judgment for plaintiff. And it is so ordered.
Moss, Judge; Geaham, Judge; Hat, Judge; and Campbell, GMef Justice, concur.